IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS


LEO PORTER, JR.,

                    Plaintiff,

        Vs.                                          No.  04-4138-SAC

JOHN E. POTTER, Postmaster General,
UNITED STATES POSTAL SERVICE,

                    Defendant.


MEMORANDUM AND ORDER

        This employment discrimination case comes before the court on

defendant's motion to dismiss or, in the alternative, for summary judgment.

Plaintiff has sued his employer, the United States Post Office, alleging age

discrimination, race discrimination, disability discrimination, and retaliation.  For

multiple reasons set forth below, the court finds that defendant's motion shall be

granted.

## I.  Motion to dismiss

        The government's motion to dismiss a claim is brought pursuant to

Fed. R. Civ. P. 12(b)(6).   The government alleges the court lacks subject matter

jurisdiction of plaintiff's disability claim due to the government's sovereign

immunity.[1] The court additionally examines whether dismissal of plaintiff's age, race and disability discrimination claims is warranted due to plaintiff's failure to exhaust administrative remedies.

**Sovereign immunity**

It is well-settled that "the United States, as sovereign, is immune from suit save as it consents to be sued ..., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (internal quotations omitted).  The Americans with Disabilities Act (ADA) does not provide a cause of action against the federal government.   *See* 42 U.S.C. § 12131(1)(A)-(B) (defining public entities covered by the ADA as any state or local government).  Because the ADA does not contain an explicit, unequivocal waiver of sovereign immunity, and because "such a waiver cannot be implied," plaintiff's ADA claim against the United States must be dismissed.  *See United States v. King*, 395 U.S. 1, 4 (1969).

**Failure to exhaust administrative remedies**

Plaintiff's EEOC charge does not allege age, race or disability

---

[1]The government also moves to dismiss based on plaintiff's failure to establish a prima facie case on any claim, but the court believes that issue is best addressed via the government's summary judgment motion rather than in its motion to dismiss.

discrimination, or any claim except retaliation.

"A plaintiff must exhaust his administrative remedies before bringing

suit under Title VII[.]" *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1409 (10th Cir.

1997).  The same is true for suits brought pursuant to the Age Discrimination in

Employment Act (ADEA), *Shikles v. Sprint/United Management Co.*, 426 F.3d

1304 (10th Cir.2005), and the ADA, *McBride v. CITGO Petroleum Corp.*, 281

F.3d 1099, 1107 (10th Cir. 2002).

Including such claims in administrative charges is intended to facilitate

internal resolution of those issues.

> Requiring exhaustion of administrative remedies "serves to put an employer
> on notice of a violation prior to the commencement of judicial proceedings.
> This in turn serves to facilitate internal resolution of the issue rather than
> promoting costly and time-consuming litigation." *Martinez v. Potter*, 347
> F.3d 1208, 1211 (10th Cir.2003).

*Mitchell v. City and County of Denver*, 112 Fed. Appx. 662, 666 (10th Cir. 2004).

A claim not included in an EEOC charge can be included in a lawsuit

only in the event it is "like or reasonably related to" the claims which are included in

the EEOC charge.  *Ingels v. Thiokol Corp.*, 42 F.3d 616, 625 (10th Cir. 1994).

> "[W]hen an employee seeks judicial relief for incidents not listed in his
> original charge to the EEOC, the judicial complaint nevertheless may
> encompass any discrimination like or reasonably related to the allegations of
> the EEOC charge, including new acts occurring during the pendency of the
> charge before the EEOC." *Martinez*, 347 F.3d at 1210 (quoting *Ingels v.*

> *Thiokol Corp.*, 42 F.3d 616, 625 (10th Cir.1994)).  A claim is considered
> "reasonably related" when "the conduct complained of would fall within the
> scope of the [administrative] investigation which can reasonably be expected
> to grow out of the charge that was made." *Deravin v. Kerik*, 335 F.3d 195,
> 200-01 (2d Cir.2003) (quotation omitted).

*Mitchell*, 112 Fed. Appx. at 667.

Plaintiff's claims of race, age and disability discrimination are not like or reasonably related to his EEOC claim of retaliation.  Thus plaintiff's claims of race discrimination, age discrimination, and disability discrimination shall be dismissed for plaintiff's failure to include those claims in his formal charge to the EEOC.[2]

## II.  Motion for summary judgment

## Summary Judgment Standard

An important function of summary judgment is to eliminate factually unsupported claims.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). Summary judgment is appropriate if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law.  *Id.* at 323.  The court

---

[2]The government does not expressly argue that plaintiff failed to exhaust his administrative remedies, but has established facts that have no other relevance. Even assuming that this issue has not been raised, the court finds it appropriate to dismiss these claims. *See Davis v. Simmons*, 2006 WL 292257, *2 (10th Cir. 2006).

considers the 'factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.' " *Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1182-83 (quoting *Blue Circle Cement, Inc. v. Bd. of County Comm'rs.*, 27 F.3d 1499, 1503 (10th Cir. 1994)); *see also* Fed. R. Civ. P. 56(c). "Summary judgment is appropriate if the non-moving party cannot adduce probative evidence on an element of its claim upon which it bears the burden of proof." *Rohrbaugh*, 53 F.3d at 1183. "A disputed fact is 'material' if it might affect the outcome of the suit under the governing law, and the dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Allen v.Muskogee* 119 F.3d 837, 839 (10th Cir. 1997).

Once the movant demonstrates no genuine issue of material fact, the nonmovant is given "wide berth to prove a factual controversy exists." *Jeffries v. Kansas, Dep't of Soc. & Rehab. Servs.*, 147 F.3d 1220, 1228 (10th Cir. 1998) (quotation omitted). Unsupported conclusory allegations, however, do not create an issue of fact. *Salehpoor v. Shahinpoor*, 358 F.3d 782, 789 (10th Cir. 2004). "In a response to a motion for summary judgment, a party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial." *Conaway v. Smith*, 853 F.2d 789, 794 (10th Cir. 1988). Essentially, the inquiry is "whether the evidence presents

a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, at 251-52 (1986).

**Failure to controvert motion**

Plaintiff, who is acting *pro se*, filed no response to defendant's motion for summary judgment.  Thereafter, the court, in an abundance of caution, ordered plaintiff to show cause why that motion should not be considered and decided as an uncontested motion.  Plaintiff then filed a response to the show cause order, raising arguments in opposition to the summary judgment motion, but not explaining his failure to timely file a response to the summary judgment motion.

The rule in this district regarding a party's failure to file and serve motion papers provides:  "If a respondent fails to file a response within the time required by [the rules of this court], the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." D.Kan. Rule 7.4.  The rules of this court further require that "all material facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party." D.Kan. Rule 56.1(a).

The court cannot construe plaintiff's response to the show cause

order to be an untimely response to defendant's summary judgment motion.  But even if the court were to do so, plaintiff has failed to specifically controvert defendant's statements of fact and to support his own factual assertions with proper citation to the record.  *See* D.Kan. Rule 56.1(b)(1) ("Each fact in dispute shall be numbered by paragraph, shall refer with particularity to those portions of the record upon which the opposing party relies, and, if applicable, shall state the number of movant's fact that is disputed.")  Because plaintiff's response is, for the most part, unsupported by citation to the record, it is insufficient to controvert defendant's motion.  Plaintiff's failure to specifically controvert  defendant's statement of uncontroverted facts and failure to file a timely response are independently sufficient grounds for granting defendant's motion.  Nonetheless, the court summarily examines the merits of the case.

**Undisputed facts**

Plaintiff is a black male in his mid-fifties and has worked for the United States Postal Service in Manhattan, Kansas since June 4, 1988.  He currently works as a distribution window clerk.  The Postal Service has standard operating procedures which, among other things, require distribution window clerks to inform customers of the availability of "special services."  Plaintiff had received training and was aware of the Postal Service's standard operating procedures.

Dan Heideman, who was temporarily assigned as Officer In Charge (OIC) of the Manhattan Post Office and was plaintiff's second line supervisor, noted that plaintiff failed to follow the required procedure when he assisted a customer on February 7, 2003.  Specifically, he found that plaintiff failed to recommend a class of mail to a customer and failed to explain features and benefits to the customer.  Accordingly, plaintiff was issued a letter of warning dated February 19, 2003, for failing to comply with the Postal Service's procedure.  The warning letter was signed by plaintiff's first line supervisor, Kenneth Olson.

A letter of warning is a written disciplinary notice which includes an explanation of the deficiency to be corrected.  The failure to perform job duties as instructed is considered sufficient reason to issue a letter of warning.

Aware that a letter of warning is subject to the grievance and arbitration procedures contained in the collective bargaining agreement, plaintiff filed a grievance concerning its issuance.  At step two of the grievance procedure, which occurred in March of 2003, the Postal Service rescinded the letter of warning and expunged plaintiff's personnel records of any and all references to the February 19 letter of warning.

Plaintiff had filed two previous EEO complaints while working for the Postal Service: one in 1991 and one in 1992.  Plaintiff's supervisor during those

8

dates, Mr. Roth, had left the Manhattan post office by 2002.  Three individuals were involved in issuing the letter of warning to plaintiff in 2003:  Ken Olson, Dan Heideman, and Sam Gonzales, the Area Manager for the Postal Service.  None of those three were involved in either of plaintiff's prior EEO complaints.

Plaintiff admits he cannot identify any witnesses who will testify that the issuance of the letter of warning was an act of reprisal for prior protected EEO activity, and that he does not have any factual evidence that the issuance of a letter of warning was based upon his age.  Plaintiff did not personally hear any supervisory personnel involved in issuing the letter of warning make racist comments about him, and cannot identify any witnesses who will testify that they heard any supervisory personnel involved in issuing the letter of warning make racist comments.

In 1999, plaintiff lost part of one foot in a hunting accident.  Plaintiff also has a hearing deficiency.  Otherwise, plaintiff claims to be in good health.  He admits that his physical condition has not affected his ability to work and he has not requested any special accommodations from the Postal Service based upon his physical condition.  Plaintiff does not have any factual evidence that the issuance of a letter of warning was based upon plaintiff's claimed disability.

Plaintiff's EEOC charge does not allege age, race or disability

9

discrimination, or any claim except retaliation.

**Analysis**

The government has complied with its duty under the relevant rules of practice to submit its summary judgment motion and memoranda, containing a concise statement of material facts as to which it contends no genuine issue exists. The facts set forth by the government refer with particularity to the portion of the record upon which it relies and are supported by affidavits, and/or relevant portions of pleadings, depositions, answers to interrogatories and responses to requests for admission. In response, plaintiff wrote a letter attaching some exhibits, but failed to specifically controvert defendant's statements of fact and to support most of his own factual assertions with proper citation to the record. *See* D.Kan. Rule 56.1(b)(1). In short, the plaintiff has met its burden to show that summary judgment is warranted.

The court makes this ruling cautiously, aware that a pro se litigant's pleadings are construed liberally and judged against a less stringent standard than pleadings drawn by attorneys. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (1991). However, "it is not the proper function of the district court to assume the role of advocate for the pro se litigant." *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). The court is not to "construct arguments or theories for

10

[a party] in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).   Defendant's motion for summary judgment cannot be denied unless the court constructs not only the arguments and theories for the plaintiff, but also facts which do not appear of record.   Under the rules of this court, which are binding not only upon the court and the defendant, but also upon the plaintiff, defendant's motion for summary judgment must be granted.

### Failure to make prima facie case

It is uncontested that plaintiff is a black man in his mid-fifties with hearing loss and a partially amputated foot, who received a warning letter which he believes was unfairly issued and which was rescinded approximately one month later.  It is additionally undisputed that plaintiff filed EEO complaints in 1991 and 1992.  Plaintiff believes that the letter of warning evidences that he has been singled out for poor treatment by his employer.

Under the ADEA, it is "unlawful for an employer ... to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S .C. § 623(a)(1).  Similar laws prohibit disparate treatment of employees based upon race or disability. *See e.g., Hysten v. Burlington N. &*

11

*Santa Fe Ry. Co.*, 296 F.3d 1177, 1181 (10th Cir. 2002);  *MacKenzie v. City and County of Denver*, 414 F.3d 1266 (10th Cir. 2005).

A plaintiff may proceed by either of two general methods to carry the burden of making a discrimination case on a summary judgment motion: by direct evidence that the prohibited factor, such as age or race, was a determining factor in his treatment, or by an inferential proof scheme set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973), and *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 252-56 (1981).  Plaintiff presents no direct evidence on any of his claims, so must make his case inferentially.

The elements of a prima facie case of discrimination made by inferential proof have been stated as follows:

> Under the *McDonnell Douglas* framework, plaintiff has the initial burden of establishing a prima facie case of discrimination, which requires her to show that she is a member of the class protected by the statute; that she suffered an adverse employment action; that she was qualified for the position at issue; and that she was treated less favorably than others not in the protected class or that the adverse action occurred under circumstances giving rise to an inference of discrimination.  *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1221 (10th Cir.2002); *Sanchez v. Denver Pub. Schs.*, 164 F.3d 527, 531 (10th Cir. 1998).  If she establishes a prima facie case, the burden shifts to defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment decision.  *See Sanchez*, 164 F.3d at 531. If defendant offers a legitimate, nondiscriminatory reason for its actions, the burden reverts to plaintiff to show that defendant's proffered reason was a pretext for discrimination.  *See id.*

12

*Owens v. Sprint/United Management Co.*, 333 F. Supp. 2d 1094, 2004 WL 1878810, *4 (D. Kan. 2004). *See Thomas v. Denny's Inc.*, 111 F.3d 1506, 1510 (10th Cir. 1997) (race); *Corneveaux v. Cuna Mut. Ins. Group*, 76 F.3d 1498, 1502 (10th Cir.1996) (age); *MacKenzie v. City and County of Denver*, 414 F.3d 1266 (10th Cir. 2005) (disability).

Adverse action is also a required element of plaintiff's retaliation case.

> In order to state a prima facie case of retaliation, a plaintiff must demonstrate that (1) she was engaged in protected conduct or opposition to discrimination; (2) she suffered an adverse employment action; and (3) a causal connection existed between the protected activity and the adverse employment action. *Duncan v. Manager, Dep't of Safety, City & County of Denver*, 397 F.3d 1300, 1314 (10th Cir. 2005); *Stover v. Martinez*, 382 F.3d 1064, 1070-71 (10th Cir. 2004).

*Miller v. Automobile Club Of New Mexico, Inc.*, 420 F.3d 1098, 1119 (10th Cir. 2005).

**Adverse action**

The court focuses its examination upon the element of adverse action, which is required for each of plaintiff's claims. "A tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Indus., Inc. v. Ellerth*, 524

U.S. 742, 761 (1998).  The Tenth Circuit has liberally defined adverse employment action.  *See Sanchez v. Denver Pub. Schs.*, 164 F.3d 527, 532 (10th Cir. 1998).  It traditionally has not required that adverse action be material, and has not limited that term to mean only monetary losses in the form of wages or benefits.  *Jeffries v. Kansas*, 147 F.3d 1220, 1232 (10th Cir. 1998).

However, recent Tenth Circuit cases appear to have adopted a materiality requirement, in stating:

> An adverse employment action must be materially adverse to the employee's job status.  The adverse action must amount to a significant change in employment status, such as firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.  *Meiners v. University of Kansas*, 359 F.3d 1222, 1230 (10th Cir.2004).

*Duncan v. Manager, Dept. of Safety, City and County of Denver*, 397 F.3d 1300, 1314 (10th Cir. 2005).  *See also Heno v. Sprint/United Mgmt. Co.*, 208 F.3d 847, 857 (10th Cir. 2000);  *Sanchez*, 164 F.3d at 533; *Petersen v. Utah Dept. of Corrections*, 301 F.3d 1182, 1189 (10th Cir. 2002); *Mallinson-Montague v. Pocrnick*, 224 F.3d 1224, 1232 (10th Cir. 2000).

Clearly, an adverse action is not limited to monetary losses in the form of wages or benefits, and some disciplinary proceedings can constitute an adverse employment action.

14

> Disciplinary proceedings, such as warning letters and reprimands, can constitute an adverse employment action. *See Roberts v. Roadway Express, Inc.,* 149 F.3d 1098, 1104 (10th Cir. 1998); *Marx v. Schnuck Markets, Inc.*, 76 F.3d 324, 329 (10th Cir. 1996). A reprimand, however, will only constitute an adverse employment action if it adversely affects the terms and conditions of the plaintiff's employment-for example, if it affects the likelihood that the plaintiff will be terminated, undermines the plaintiff's current position, or affects the plaintiff's future employment opportunities. *See Roberts*, 149 F.3d at 1104.

*Medina v. Income Support Div., New Mexico*, 413 F.3d 1131, 1137 (10th Cir. 2005). Where a plaintiff presents no evidence of adverse action apart from his own conclusory allegations, summary judgment is appropriate. *See Aquilino v. Univ. of Kan.*, 268 F.3d 930 (10th Cir. 2001). Speculative harm does not constitute adverse employment action. *See Trimmer v. United States Dep't of Labor*, 174 F.3d 1098, 1103- 04 (10th Cir. 1999).

Plaintiff's letter of warning has not been shown to have materially affected plaintiff's employment status. No evidence has been presented to show that the warning increased the likelihood that plaintiff will be terminated, that it undermined the plaintiff's current position, or that it affected his future employment opportunities. Although the warning letter may have been unpleasant to receive, it has not been shown to be severe enough to constitute adverse action. Not everything that makes an employee unhappy qualifies as adverse action. *Cf, Sanchez*, 164 F.3d at 533.

Plaintiff's letter to the court raises some additional issues, but his assertions cannot be considered as evidence.  *See American Stores Co. v. CIR*, 170 F.3d 1267, 1271(10th Cir. 1999); *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir.), *cert. denied*, 506 U.S. 1013 (1992).  This would be the case if plaintiff were represented by counsel, as statements made in briefs, whether made by attorneys or by the parties themselves, are not evidence. "Unsubstantiated allegations carry no probative weight in summary judgment proceedings." *Phillips v. Calhoun*, 956 F.2d 949 951 (10th Cir. 1992).  There is no evidence in the record that any employee was treated differently for actions they may have committed.  *See Salguero v. City of Clovis*, 366 F.3d 1168, 1177 (10th Cir. 2004).

Plaintiff's response does include exhibits which pertain to a letter of warning issued to a white employee.  They reveal that he was issued a letter of warning for failing to follow instructions, that no job discussion preceded issuance of that letter, that he filed a grievance, and that the letter of warning was rescinded. Plaintiff's treatment was similar, if not identical, to this employee's treatment, thus these exhibits fail to assist plaintiff's case.

Because no material question of fact is raised regarding adverse action, which is a common element of each of plaintiff's claims, plaintiff cannot

make a prima facie case of age, race, disability discrimination, or retaliation. The court further finds that even if the letter of warning were deemed sufficient to constitute adverse action, the facts of record are insufficient to give rise to an inference of discrimination or retaliation.

IT IS THEREFORE ORDERED that defendant's motion to dismiss or in the alternative for summary judgment (Dk. 27) is granted.

Dated this 13th day of April, 2006, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge